UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMY AYOUB<br>21733 Country Way<br>Strongsville, OH 44149<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSPORT CORPORATION OF<br>AMERICA, INC.<br>c/o Statutory Agent<br>National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Samy Ayoub, by and through counsel, for his Complaint against Defendant Transport Corporation of America, Inc. (hereinafter also referred to as "Defendant" or "Transport America"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendant Transport America that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Samy Ayoub was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. Defendant Transport Corporation of America, Inc. is a Minnesota for-profit corporation with its principal place of business at 1715 Yankee Doodle Road, Eagan, Minnesota 55121. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is National Registered Agents, Inc., 4400 Easton Commons Way, Suite 125, Columbus Oh 43219.[1]

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant Transport America is a trucking and logistics company providing trucking and logistics services.

8. Defendant Transport America utilizes local drivers, including Plaintiff Ayoub, to carry materials manufactured in Northeast Ohio to Northeast Ohio locations.

### Defendant's Status as an Employer

9. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111, and employed non-exempt hourly employees, including Plaintiff.

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/693925 (last accessed Feb. 21, 2021).

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's Employment Status with Defendant

13. Plaintiff Samy Ayoub has been employed by Defendant since approximately February, 2017 to the present as a local truck driver.

14. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

15. At all times relevant, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Transport America's Misclassification of Plaintiff Ayoub as an Exempt Employee

16. Transport America, in violation of the FLSA and Ohio law, classifies Plaintiff Ayoub as an exempt truck driver. Through this misclassification, Defendant knowingly and willfully fails to compensate Plaintiff overtime compensation at at least one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek.

17. In fact, Plaintiff is a nonexempt employee of Defendant according to the standards applicable under the FLSA and Ohio law and is entitled to overtime compensation.

18. Defendant employs both "over the road" truck drivers and "local" truck drivers.

19. Plaintiff is a local truck driver and is paid hourly.

20. Unlike over the road truck drivers, local truck driver Plaintiff Ayoub does not travel in foreign or interstate commerce.

21. Local truck drivers, such as Plaintiff, are distinguished from over the road truck drivers because local truck drivers only perform local deliveries and could not reasonably be expected to make an interstate journey.

22. While Defendant may have properly denied overtime compensation to over the road truck drivers because those workers were exempt from the overtime requirements of the FLSA and Ohio law pursuant to the provision in the FLSA commonly known as the "Motor Carrier" exemption, *see* 29 U.S.C. § 213(b)(1), due to the nature of his job duties, local truck driver Plaintiff Ayoub was not exempt from the overtime requirements of the FLSA and Ohio law pursuant to the "Motor Carrier" exemption.

23. Plaintiff Ayoub specifically transports products produced at PPG paint and related products facilities in Northeast Ohio to other Northeast Ohio PPG paint and related products facilities.

24. The transportation involved in Plaintiff Ayoub's duties are not in interstate commerce. The transportation involved in Plaintiff's duties do not relate to an intrastate terminal to continue an interstate journey of goods that have not come to rest at a final destination.

25. Plaintiff Ayoub is engaged in transportation which is wholly intrastate in character as defined by the "Motor Carrier" exemption.

26. Plaintiff Ayoub could not, in the regular course of employment, reasonably have been expected to make an interstate journey.

4

## Defendant Transport America's Failure to Pay
## Overtime Compensation

27. Defendant violated the FLSA and Ohio law when it failed to pay Plaintiff Ayoub overtime compensation.

28. Plaintiff regularly worked more than forty (40) hours in a single workweek, and regularly worked 50-55 hours per workweek. For example, during the workweek ending December 5, 2020, Plaintiff worked 53.0 hours at an hourly rate of $21.00, and was entitled to 13 hours of overtime pay.

29. The FLSA required Defendant to pay Plaintiff overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

30. However, Defendant Transport America, having unlawfully misclassified Plaintiff as an exempt employee, failed to pay Plaintiff overtime compensation.

31. Defendant failed to pay Plaintiff overtime compensation at one and one-half times his "regular rate" for all hours worked in excess of forty (40) hours in a workweek.

32. Defendant received a written complaint from Plaintiff Ayoub about its failure to pay him overtime as a local driver.

33. Upon information and belief, Defendant failed to investigate whether its compensation practices with respect to local truck drivers complied with the FLSA and Ohio law despite Plaintiff's complaint.

## The Willfulness of Defendant's Violations

34. Defendant knew that Plaintiff was entitled to overtime compensation under federal and state law or acted in reckless disregard for whether he was so entitled.

35.     The above practices and policies resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111.

## COUNT ONE
### (FLSA Overtime Violations)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

38.     Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek.

39.     Defendant did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all of his overtime hours.

40.     By engaging in the above-described practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

41.     As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

44. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

45. Defendant's failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

46. These violations of Ohio law injured Plaintiff in that he did not receive wages due to him pursuant to that statute.

47. Having injured Plaintiff, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of his unpaid overtime wages, as well as liquidated damages in an equal amount; and

C. Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, prejudgment interest, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)